**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PRICEPLAY.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 14-386-RGA |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GOOGLE INC.'S MOTION TO DISMISS
PLAINTIFF'S CLAIM FOR WILLFUL INFRINGEMENT
FOR FAILURE TO STATE A CLAIM**

Priceplay.com, Inc. ("Priceplay" or "Plaintiff") includes no facts in support of its willful infringement claim against Google Inc. ("Google") and, therefore, Priceplay's willfulness claim should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Priceplay filed the Complaint in this action against Google on March 26, 2014, alleging that Google infringes certain claims of U.S. Patent Nos. 8,050,982 ("the '982 patent") and 8,494,917 ("the '917 patent") (collectively, "the asserted patents") and further alleging willful infringement. Priceplay pleads no facts in support of its willfulness claim, including regarding pre-suit knowledge of the asserted patents or the alleged infringement. Instead, Priceplay bases its claim of willful infringement on Google's knowledge of the asserted patents as of the filing of the Complaint. As this Court has recognized in similar cases, a claim of willful infringement requires pleading facts sufficient to show that the defendant knew of the asserted patent and alleged infringement ***before*** the filing of the complaint. As a result, Priceplay's conclusory claim for willful infringement fails to meet the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and should be dismissed.

I.      **ARGUMENT**

A.      **Applicable Legal Standards.**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to show that the pleader is entitled to relief and it should therefore be dismissed. *Id.* at 679.

To prove willful infringement, a patentee must prove both objective and subjective recklessness by clear and convincing evidence. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). More specifically, a patent owner must demonstrate by clear and convincing evidence that the infringer acted despite an "objectively high likelihood that its actions constituted infringement" and that this "objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id.* at 1371. A patentee must have a good faith basis for alleging willful infringement when its complaint is filed. *Id.* Therefore, "a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.* at 1374; *see* Fed. R. Civ. P. 8, 11(b).

This Court has repeatedly held that, in order to support a claim for willful infringement, a plaintiff must plead sufficient facts to show that the defendant knew before the filing of the complaint that his actions likely resulted in infringement of a valid patent.  *See Steelhead Licensing LLC v. Charter Commc'ns Inc.*, C.A. No. 13-2075-RGA (D. Del. Apr. 10, 2014), Order at 1-2 (dismissing complaint with claims for willful infringement that had "nothing to support an allegation of willfulness") (Ex. A hereto); *Callwave Commc'ns LLC v. AT&T Mobility LLC*, C.A. No. 12-1701-RGA, 2014 U.S. Dist. LEXIS 15374, at *5-7 (D. Del. Jan. 28, 2014) (dismissing amended complaint that alleged only knowledge after the filing of the original complaint but no pre-suit knowledge); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *2 (D. Del. July 18, 2012) (granting motion to dismiss amended complaint for insufficient factual support for finding of willfulness); *Black Hills Media LLC v. Yamaha Corp. of Am.*, C.A. No. 12-635-RGA (D. Del. July 12, 2013), Order at 2 ("The indirect and willfulness claims are insufficient.  For example, nothing that makes the claim of prior knowledge of the patents plausible is alleged.") (Ex. B hereto).  The pre-suit knowledge requirement is critical, as this Court recently noted, because "[o]nce a suit is filed . . . the only thing a willfulness allegation in an amended complaint does is allow the Plaintiff to raise the stakes."  *Callwave Commc'ns*, 2014 U.S. Dist. LEXIS 15374, at *6.

**B.     Priceplay's Claim for Willful Infringement Should Be Dismissed for Failure to State a Claim.**

Priceplay cannot seek relief for willful infringement without pleading facts to support such a claim.  "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."  *Seagate*, 497 F.3d at 1374.  Therefore, Priceplay's willful infringement claim requires a plausible allegation that Google knew or should have known of the risk of infringement before Priceplay filed this action.

As in similar cases where this Court has dismissed claims for willful infringement, Priceplay has alleged no facts, such as pre-suit knowledge of the asserted patents, to support a claim for willful infringement.  *See, e.g.*, *Callwave Commc'ns*, 2014 U.S. Dist. LEXIS 15374, at *5-7 (dismissing amended complaint that alleged only knowledge after the filing of the original complaint but no pre-suit knowledge); *Black Hills Media*, C.A. No. 12-635-RGA, Order at 2 ("The indirect and willfulness claims are insufficient.  For example, nothing that makes the claim of prior knowledge of the patents plausible is alleged.") (Ex. B hereto).

The entirety of Priceplay's willfulness allegations against Google consists of the following paragraphs:

- "On information and belief, Google has had knowledge and notice of the '982 patent, as well as of its own infringement of the '982 patent."  (D.I. 1 at 5, ¶ 21.)

- "Google has had knowledge and notice of the '982 patent, as well as of its own infringement of the '982 patent, since at least March 26, 2014 by virtue of the present Complaint."  (*Id.* at 5, ¶ 22.)

- "Google's infringement of the '982 patent has been and continues to be willful."  (*Id.* at 5, ¶ 24.),

- "On information and belief, Google has had knowledge and notice of the '917 patent, as well as of its own infringement of the '917 patent."  (*Id.* at 6, ¶ 29.)

- "Google has had knowledge and notice of the '917 patent, as well as of its own infringement of the '917 patent, since at least March 26, 2014 by virtue of the present Complaint."  (*Id.* at 6, ¶ 30.)

- "Google's infringement of the '917 patent has been and continues to be willful."  (*Id.* at 5-6, ¶ 32.)

The only reference Priceplay makes to knowledge of the asserted patents or alleged infringement is knowledge *after* filing the Complaint—not of pre-suit knowledge as required by *Seagate*. As Priceplay's Complaint alleges no facts that could give rise to an inference that, prior to the Complaint, Google knew or should have known it was acting despite an objectively high likelihood of infringement, Priceplay's willful infringement allegation is legally insufficient. *See Boadin Tech., LLC v. Bloomberg L.P.*, C.A. No. 11-802-RGA, Hr'g Tr. 23:24-24:3, D.I. 31 (D. Del. Jan. 17, 2012) ("So when the claim for relief doesn't show any basis for the demand for relief, the part of the demand for the relief that is not connected to any claim for relief should be, in my opinion, dismissed for failure to state a claim upon which relief can be granted.") (Ex. C hereto). Accordingly, because the Complaint does not plead a plausible claim for willful infringement, the Court should dismiss Priceplay's claim of willful infringement and strike the corresponding request for trebled damages and other relief based on that allegation.

## II.   CONCLUSION

For the foregoing reasons, Google's motion to dismiss Priceplay's claim for willful infringement for failure to state a claim should be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Stefani E. Shanberg
Jennifer J. Schmidt
Robin L. Brewer
WILSON SONSINI GOODRICH & ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
Tel:  (415) 947-2000

Dated:  June 13, 2014
1155895 / 41433

By:   _/s/ David E. Moore_
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Erich W. Struble (#5394)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     estruble@potteranderson.com

*Attorneys for Defendant*
*Google Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on June 13, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 13, 2014, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Sara E. Bussiere
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

Scott M. Daniels
Darrin A. Auito
WESTERMAN HATTORI DANIELS &
ADRIAN
1250 Connecticut Avenue, NW
Suite 700
Washington, D.C. 20036
sdaniels@whda.com
dauito@whda.com

By:     /s/ David E. Moore
        Richard L. Horwitz
        David E. Moore
        Erich W. Struble
        POTTER ANDERSON & CORROON LLP
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com
        estruble@potteranderson.com

1150831/41433