IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRICEPLAY.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC., <br><br> Defendant. | C.A. No. 14-386-RGA <br><br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Priceplay.com, Inc. ("Priceplay") files this Amended Complaint for patent infringement against Google Inc. ("Google" or "Defendant"), and alleges as follows:

## THE PARTIES

1. Priceplay is a Delaware corporation with a principal place of business at 42 Corporate Park #250 Irvine, California 92606.

2. On information and belief, Google is a corporation organized under the laws of the State of Delaware with its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043.  Google may be served with process via its registered agent, The Corporation Trust Company, at 1209 Orange Street, City of Wilmington, County of New Castle, Delaware 19801.

## JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over Defendant for at least the following reasons: (1) Defendant is incorporated under the laws of the State of Delaware; (2) Defendant has committed acts of patent infringement and induced acts of patent infringement by others in this District and in Delaware; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in this District and in Delaware; and (4) Defendant has purposefully established systematic and continuous contacts with this District and should reasonably expect to be brought into Court here.

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant is incorporated under the laws of the State of Delaware, Defendant does business in Delaware, and Defendant has committed acts of infringement in Delaware and in this District.

## THE ASSERTED PATENTS

6.  On November 1, 2011, the United States Patent and Trade Office ("USPTO") duly and legally issued U.S. Patent No. 8,050,982 ("the '982 patent"), entitled "Systems and Methods for Transacting Business over a Global Communications Network such as the Internet," to Wayne W. Lin. A true and correct copy of the '982 patent is attached as Exhibit A. Priceplay is the owner by assignment of the '982 patent and holds all rights and interest in that patent.

7.  On July 23, 2013, the USPTO duly and legally issued U.S. Patent No. 8,494,917 ("the '917 patent"), entitled "Systems and Methods for Transacting Business over a Global

Communications Network such as the Internet," to Wayne W. Lin. A true and correct copy of the '917 patent is attached as Exhibit B. Priceplay is the owner by assignment of the '917 patent and holds all rights and interest in that patent.

8. The '982 and '917 are collectively referred to herein as the "Asserted Patents."

## FACTUAL BACKGROUND

9. In the mid-1990's commerce over the Internet, or "e-commerce," was in its early stages. Many merchants had begun expanding into e-commerce hoping to attract some of the seemingly endless source of potential buyers. In fact, many new businesses offered their products and services solely via e-commerce. Some e-commerce merchants provided traditional transaction methods: the seller would offer a specified product at a specified price, and the buyer would "buy" the product by performing a required set of tasks acknowledging the formation of a binding buy-sell contract. This occurred, for instance, at Amazon.com which began as an on-line book seller, but later expanded into other fields such as music and videos.

10. Various e-commerce business models afforded certain advantages and disadvantages, but they all had the common goal of attracting as many customers as possible, ultimately to lead to more transactions and hence more profit for the companies employing the models. As such, they all focused in one way or another on factors typically considered important by potential buyers—namely price and convenience.

11. Ultimately, Wayne Lin, the inventor of the Asserted Patents, discovered that e-commerce merchants could engage in controlled interaction with potential buyers via an Internet website; specifically, such potential buyers could be attracted if they were allowed to engage in an interactive competitive/entertaining collateral price-determining activity ("competitive

3

activity") which determines the price of the product or service to be secured, depending on the buyer's performance in the competitive activity.

12. Wayne Lin also discovered that potential buyers could also be attracted if they were allowed to engage in an interactive bidding auction in combination with the interactive competitive activity.

13. Wayne Lin's inventions were disclosed in U.S. Patent No. 6,978,253 ("the '253 patent"), which has been cited by the USPTO in eight later patents (applicants include International Business Machines Corporation, Siemens Power Transmission & Distribution, Inc., and Onforce, Inc.) and one currently pending application.

14. Various embodiments of Wayne Lin's inventions have been adopted by numerous e-commerce leaders since their disclosure in the '253 patent.

15. Priceplay practices the inventions claimed in the '982 and '917 patents. Four Priceplay researchers continuously test and refine the systems and methods claimed in those patents to improve e-commerce, both for merchants and customers.

16. Priceplay itself practices specific embodiments of the claimed invention. Priceplay develops software systems allowing any e-commerce company to provide an interactive pricing system, specifically, systems in which the price of a product or a service can be lowered based on a buyer's action in a particular activity. An example of such system can be seen on www.priceplay.com.

17. Google infringes the inventions claimed in the '982 and '917 patents, at least through its "Cost-Per-Click" ("CP") bidding and "Quality Score"/"Ad Rank" competition in its "AdWords" by selling ad space to e-commerce merchants via a system and a method which combine an interactive bidding and an interactive competitive activity.

4

## COUNT I – INFRINGEMENT OF THE '982 PATENT

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. The '982 patent is valid and enforceable.

20. Google has infringed and continues to infringe at least claims 1 and 7 of the '982 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, by operating an interactive e-commerce system or performing an interactive e-commerce process within the United States that is covered by the claims of the of the '982 patent.

21. On information and belief, Google has had knowledge and notice of the '982 patent, as well as of its own infringement of the '982 patent.

22. Google has had knowledge and notice of the '982 patent, as well as of its own infringement of the '982 patent, since at least March 26, 2014 by virtue of the present Complaint.

23. Priceplay has been and continues to be damaged by Google's infringement of the '982 patent. On information and belief, a reasonable royalty for infringement of the '982 patent would be at least 10% of Google's ad revenue resulting from its infringing activities.

## COUNT II – INFRINGEMENT OF THE '917 PATENT

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. The '917 patent is valid and enforceable.

26. Google has infringed and continues to infringe at least claims 1, 7 and 13 of the '917 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, by operating an interactive e-commerce system or performing an interactive e-commerce method within the United States that is covered by the claims of the of the '917 patent.

27. On information and belief, Google has had knowledge and notice of the '982 patent, as well as of its own infringement of the '917 patent.

28.     Google has had knowledge and notice of the '917 patent, as well as of its own infringement of the '917 patent, since at least March 26, 2014 by virtue of the present Complaint.

29.     Priceplay has been and continues to be damaged by Google's infringement of the '917 patent. On information and belief, a reasonable royalty for infringement of the '982 patent would be at least 10% of Google's ad revenue resulting from to its infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Priceplay.com, Inc. prays for judgment as follows:

A.     That Google has infringed each of the Asserted Patents;

B.     That Priceplay be awarded all damages adequate to compensate it for Google's infringement of the Asserted Patents, such damages to be determined by a jury and an accounting, if necessary, to compensate adequately Priceplay for the infringement; and

C.     That Priceplay be awarded such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Priceplay.com, Inc. hereby demands a trial by jury on all issues so triable.

Date: June 27, 2014

| OF COUNSEL: | BAYARD, P.A. |
|---|---|
| Scott M. Daniels | */s/ Stephen B. Brauerman* |
| Darrin A. Auito | Richard D. Kirk (rk0922) |
| WESTERMAN HATTORI | Stephen B. Brauerman (sb4952) |
| DANIELS & ADRIAN | Vanessa R. Tiradentes (vt5398) |
| 1250 Connecticut Avenue, NW. | Sara E. Bussiere (sb5725) |
| Suite 700 | 222 Delaware Avenue, Suite 900 |
| Washington, D.C. 20036 | Wilmington, Delaware 19801 |
| 202-822-1100 | Telephone: 302-655-5000 |
| sdaniels@whda.com | rkirk@bayardlaw.com |
| dauito@whda.com | sbrauerman@bayardlaw.com |
| | vtiradentes@bayardlaw.com |
| | sbussiere@bayardlaw.com |