**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRICEPLAY.COM, INC., | Case No. 14-cv-267-RGA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| LINKEDIN CORP., | |
| Defendant. | |
| PRICEPLAY.COM, INC., | Case No. 14-cv-386-RGA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| GOOGLE INC., | |
| Defendant. | |
| PRICEPLAY.COM, INC. | Case No.  14-cv-512-RGA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| FACEBOOK, INC. | |
| Defendant. | |

**REPLY BRIEF IN SUPPORT OF MOVING DEFENDANTS' MOTION TO**
**TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

A.   Priceplay Fails To Rebut Moving Defendants' Showing that the Private Interest
     Factors Weigh in Favor of Transfer...................................................................................1

     1.     Priceplay's Home Forum Is California—Not Delaware—So Plaintiff's
            Choice of Forum Is Entitled to Less Deference.......................................................1

     2.     Moving Defendants' Preference of Forum Favors Transfer....................................3

     3.     The Claims Arose in California—Not Delaware.....................................................4

     4.     The Convenience of the Parties Weighs in Favor of Transfer................................4

     5.     The Convenience of the Witnesses Weighs in Favor of Transfer ..........................7

     6.     The Location of Evidence Weighs in Favor of Transfer. .......................................8

B.   Priceplay Fails To Rebut Moving Defendants' Showing that the Public Interest
     Factors Weigh in Favor of Transfer....................................................................................9

     1.     All Practical Considerations Favor Transfer to California. ...................................9

     2.     Relative Court Congestion Weighs in Favor of Transfer. ....................................10

     3.     The Local Interest and Public Policy Factors Are Irrelevant................................10

## TABLE OF AUTHORITIES

CASES

**Page(s)**

*AIP Acquisition LLC v. iBasis, Inc.*,
   C.A. No. 12-616-GMS, 2012 WL 5199118 (D. Del. Oct. 19, 2012) ...............................2, 3, 4

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ...........................................................................................6

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
   C.A. No. 09-554-JJF, 2010 WL 3037478 (D. Del. July 30, 2010) ...................................5, 6, 7

*Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*,
   C.A. No. 12-139-GMS, 2013 WL 3293611 (D. Del. June 28, 2013)...............................2, 3, 6

*Black Hills Media LLC v. Pioneer Corp.*,
   C.A. No. 12-634-RGA, slip op. (D. Del. Aug. 5, 2013) .........................................................10

*Coho Licensing LLC v. LinkedIn Corp.*,
   C.A. No. 13-1569-RGA, slip op. (D. Del. Mar. 21, 2014) .......................................................5

*In re Link_A_Media Devices, Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011).......................................................................................2, 3, 6, 8

*Intellectual Ventures LLC v. Altera*,
   842 F. Supp. 2d 744 (D. Del. 2012).........................................................................................3

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995)....................................................................................................5, 7

*L'Athene, Inc. v. Earthspring LLC*,
   570 F. Supp. 2d 588 (D. Del. 2008)........................................................................................6

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   C.A. No. 11-400-GMS, 2013 WL 105323 (D. Del. Jan. 7, 2013)........................................2, 6

*Mitel Networks Corp. v. Facebook, Inc.*,
   C.A. No. 12-325-GMS, slip op. (D. Del. May 1, 2013) ...........................................................5

*Praxair, Inc. v. ATMI, Inc.*
   C.A. No. 03-1158-SLR, 2004 WL 883395 (D. Del. Apr. 20, 2004) .......................................6

*Priceplay.com Inc. v. AOL Advertising Inc.*,
   C.A. No. 14-92-RGA, slip op. (D. Del. July 28, 2014) ...........................................................9

*Semcon Tech, LLC v. Intel Corp.*,
  C.A. No. 12-531-RGA, 2013 WL 126421 (D. Del. Jan. 8, 2013) ........................................3, 9

*Signal Tech, LLC v. Analog Devices, Inc.*,
  C.A. No. 11-1073-RGA, 2012 WL 1134723 (D. Del. Apr. 3, 2012) ................................6, 10

*Skyhook Wireless, Inc. v. Google Inc.*,
  C.A. No. 12-1177-RGA, slip op. (D. Del. Jan. 15, 2013)..........................................................5

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*,
  676 F. Supp. 2d 321 (D. Del. 2009)..........................................................................................8

*Wacoh v. Kionix,*
  845 F. Supp. 2d 597 (D. Del. 2012) ........................................................................3, 4, 8, 10

## OTHER AUTHORITIES

35 U.S.C. § 299..............................................................................................................................10

Fed. R. Civ. P. 45(c)(1)(B)(i) ........................................................................................................8

Fed. R. Civ. P. 45(c)(1)(B)(ii) .......................................................................................................8

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Plaintiff Priceplay.com, Inc. | Priceplay or Plaintiff |
| Defendant Google Inc. | Google |
| Defendant LinkedIn Corp. | LinkedIn |
| Defendant Facebook, Inc. | Facebook |
| Google Inc., LinkedIn Corp., and Facebook, Inc. collectively | Moving Defendants |
| Opening Brief in Support of Moving Defendants' Motion to Transfer Venue to the Northern District of California, Case No. 1:14-cv-00267-RGA (D.I. 15) | Br. |
| Plaintiff Priceplay.com, Inc.'s Answering Brief in Opposition to Defendants' Motion to Transfer Venue to the Northern District of California, Case No. 1:14-cv-00267-RGA (D.I. 25) | Opp. |
| Defendant AOL Advertising, Inc. | AOL |

Priceplay's brief fails to rebut Moving Defendants' showing that both the private and public interest factors weigh strongly in favor of transfer. Priceplay claims to address the *Jumara* factors, but it does not do so in any coherent manner. Moreover, Priceplay relies on incorrect statements of facts and law, resulting in erroneous conclusions.

Priceplay's brief does make clear that there are no relevant witnesses or evidence in Delaware and, instead, the locus of relevant witnesses and evidence are in California. Priceplay also ignores the fact that there are non-party witnesses who are subject to the Northern District of California's trial subpoena power—but not to the District of Delaware's. And Priceplay does not respond to Moving Defendants' showing that a trial in California would be easier and less expensive for all parties due to the location of witnesses and evidence. Further, Priceplay fails to address the evidence showing less court congestion in the Northern District of California.

The only issues actually raised by Priceplay are irrelevant pursuant to controlling case law. For example, whether parties are "international companies" is irrelevant. Also, Priceplay's choice of forum is entitled to less deference, because Priceplay's principal place of business is California—not Delaware—making California its home forum, and the claims arise in California—not Delaware—where the allegedly infringing products are principally designed and developed. As such, Moving Defendants' motion to transfer should be granted.

### A.   Priceplay Fails To Rebut Moving Defendants' Showing that the Private Interest Factors Weigh in Favor of Transfer.

#### 1.   Priceplay's Home Forum Is California—Not Delaware—So Plaintiff's Choice of Forum Is Entitled to Less Deference.

Priceplay's opposition rests entirely on the erroneous proposition that its choice of forum is entitled to substantial deference because Priceplay is currently a Delaware corporation. Priceplay is wrong as a matter of law. As the cases Priceplay cites acknowledge, the plaintiff's state of incorporation is not dispositive on the issue of whether transfer is appropriate. *See, e.g.*,

Opp. at 2-3 (citing *AIP Acquisition LLC v. iBasis, Inc.*, C.A. No. 12-616-GMS, 2012 WL 5199118 (D. Del. Oct. 19, 2012)).  To the contrary, where, as here, the plaintiff has chosen to sue in a state to which it has no substantive contacts, its choice of forum is entitled to less deference and transfer to the district where the locus of witnesses and evidence are located is appropriate. *AIP*, 2012 WL 5199118 at *3 (cited at Opp. 2-3).

Priceplay admits its only connections to Delaware are incorporation and filing suit in this district.  *See* Opp. at 3, 5-6; Br. at 7-8.  By comparison, Priceplay's physical business address is in California and its CEO and the named inventor of the asserted patents, Wayne Lin, resides in California.  *See* Br. at 3.  In other words, all of Priceplay's salient contacts are in California and the requested transfer will result in Priceplay litigating in its own "home forum."

Despite its strong connection to California, Priceplay claims its "home forum" is Delaware, and that its choice of forum is thus given "considerable deference."  *Id.* at 5-6.  Courts in this district, however, have found that a plaintiff's "home forum" is "the jurisdiction in which a party **physically** resides."  *Linex Techs., Inc. v. Hewlett-Packard Co.*, C.A. No. 11-400-GMS, 2013 WL 105323, at *3 (D. Del. Jan. 7, 2013) (emphasis added); *see* Br. at 7-8.  As such, Priceplay's decision to litigate in Delaware rather than in California, where it has physical connections, means that its choice of forum is afforded less deference.  *Link_A_Media*, 662 F.3d at 1223; *Audatex*, 2013 WL 3293611, at *3 ("[B]ecause [plaintiff] chose to litigate in the forum where it is incorporated, rather than the forum where its principal place of business is located, its choice is entitled to less deference than it would typically receive.") (citation omitted).

Even those Courts that suggest a plaintiff's "home forum" may include its state of incorporation, universally regard a company's principal place of business as its "home forum" as well, and acknowledge that the plaintiff's connection is strongest to its principal place of

2

business.  *See, e.g.*, *AIP*, 2012 WL 5199118 at \*3 (finding that deference to the plaintiff's selection "does not rise to the level" it "would have merited had [the plaintiff] chosen to bring this action in the state of its principal place of business").  Moreover, the plaintiff's state of incorporation is neither dispositive in determining whether transfer is appropriate nor is it even an independent factor in the transfer analysis.  *Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*, C.A. No. 12-139-GMS, 2013 WL 3293611, at \*3 (D. Del. June 28, 2013) ("While . . . the court has observed that a corporate entity's state of incorporation is part of its 'home turf,' it is not alone dispositive in the analysis.") (internal quotation marks omitted); *In re Link_A_Media Devices, Corp.*, 662 F.3d 1221, 1224 (Fed. Cir.) ("Neither § 1404 nor *Jumara* list a party's state of incorporation as a factor for a venue inquiry.") (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995)).[1]  Thus, Priceplay's choice of forum should be given minimal weight.

### 2.     Moving Defendants' Preference of Forum Favors Transfer.

Priceplay does not dispute the "rational and legitimate" basis for the Moving Defendants' preferred forum (California), that it is the location of Moving Defendants' headquarters and principal places of business, their witnesses and evidence, and likely third-party witnesses.  Br. at 8-9.  Because this preference is rational and legitimate, this factor weighs in favor of transfer. *Semcon Tech, LLC v. Intel Corp.*, C.A. No. 12-531-RGA, 2013 WL 126421, at \*2, 5 (D. Del. Jan. 8, 2013).   While Priceplay suggests that since the Moving Defendants are Delaware corporations, public policy favors litigating here (Opp. at 6-8), as discussed below, this factor is at best neutral.  Moreover, in Plaintiff's cited case *Wacoh*, the Court expressly **rejected** that

---

[1]  The other cases cited by Plaintiff (Opp. at 2), are inapposite.  In *Wacoh v. Kionix*, the Court actually found transfer to be appropriate and made no dispositive findings regarding the weight afforded, if any, to the plaintiff's state of incorporation. 845 F. Supp. 2d 597 at 603, 604 (D. Del. 2012).  In *Intellectual Ventures LLC v. Altera*, the Court recognized that a plaintiff's location of principal place of business is its "home turf" (at least as much if not more so than its state of incorporation). 842 F. Supp. 2d 744, 754-55 (D. Del. 2012).

3

Defendants' state of incorporation undermined the rationale for transfer to a more convenient forum. *Wacoh*, 845 F. Supp. 2d at 604.

### 3.  The Claims Arose in California—Not Delaware.

Priceplay argues that that the alleged infringement occurred over the Internet and therefore impacted Delaware.  Opp. at 8.  But this argument ignores both the legal precedent cited in Moving Defendants' opening brief (Br. at 9) and the legal precedent cited in Priceplay's own brief (Opp. at 8-9).  For example, Priceplay mischaracterizes the holding in *AIP*.  *Id.* (citing *AIP*, 2012 WL 5199118 at *3).  Priceplay claims *AIP* stands for the proposition that "when the defendant in a patent infringement action operates on a national or global level, this factor [of the location of the alleged tort] is generally neutral."  *AIP*, 2012 WL 5199118, at *3.  But Priceplay ignores the two sentences immediately thereafter that contain the actual holding relating to this factor:  "The court also recognizes, however, that to some extent, ***the claims arise where the allegedly infringing products are designed and manufactured***.  Since the products relevant to this litigation were designed and developed primarily in [the transferee district], ***the court finds that this factor weighs slightly in favor of transfer.***"  *AIP*, 2012 WL 5199118, at *3 (internal quotation marks and citations omitted) (emphasis added).  Just as in *AIP*, the products relevant to this litigation were designed and developed primarily in the Northern District of California (Br. at 9) and, therefore, this factor weighs in favor of transfer.

### 4.  The Convenience of the Parties Weighs in Favor of Transfer.

Priceplay does not dispute that Moving Defendants' key witnesses are all located in California.  Br. at 10-12; Opp. at 8.  Priceplay also does not dispute that requiring those employees to travel to trial in Delaware would burden those employees and Moving Defendants' operations significantly more than trial in California.  Br. at 10-12; Opp. at 8.

4

Instead, Priceplay simply contends that Moving Defendants "operate[] on an international scale and [are] therefore capable of litigating anywhere," and that Moving Defendants have litigated in Delaware before. Opp. at 8. Such assertions are inapposite. First, capability to litigate does not speak to convenience of the parties. *Angiodynamics, Inc. v. Vascular Solutions, Inc.*, C.A. No. 09-554-JJF, 2010 WL 3037478, at *3 (D. Del. July 30, 2010) ("While the witnesses and evidence may not be unavailable for production in Delaware, the Court cannot ignore that [the transferee district] is the more convenient forum in this regard."). Here, Moving Defendants' headquarters are located in the Northern District of California, the development of the accused products primarily occurred in the Northern District of California, and witnesses and evidence are predominantly in and around the Northern District of California, whereas there are no witnesses or evidence located in Delaware. Br. at 3-5. As such, the Northern District of California is more a convenient forum for these individual witnesses and Moving Defendants and should be considered, irrespective of Moving Defendants' global operations.

Moreover, whether Moving Defendants have litigated in Delaware before is irrelevant, as transfer is determined on a case-by-case basis. *Jumara*, 55 F.3d at 883. This Court has recognized the appropriateness of transfers for each of the Moving Defendants in the past, despite the fact that they are periodically sued *as defendants* in Delaware. *Coho Licensing LLC v. LinkedIn Corp.*, C.A. No. 13-1569-RGA (D. Del. Mar. 21, 2014), D.I. 31 (granting motion to transfer to LinkedIn); *Mitel Networks Corp. v. Facebook, Inc.*, C.A. No. 12-325-GMS (D. Del. May 1, 2013), D.I. 54 (granting Facebook's motion to transfer) (See Exh. 1 attached hereto); *Skyhook Wireless, Inc. v. Google Inc.*, C.A. No. 12-1177-RGA (D. Del. Jan. 15, 2013), D.I. 28 (granting Google's motion to transfer).

Further, Priceplay again ignores the actual holding of the legal precedent it cites.  Opp. at

8.  Priceplay cites *L'Athene, Inc. v. Earthspring LLC*, 570 F. Supp. 2d 588 (D. Del. 2008), for the

proposition "that defendant 'must prove that litigating in Delaware would pose a unique or

unusual burden on [its] operations.'"  But PricePlay ignores that the court **granted** the motion to

transfer, pointing to the facts that are identical or very similar to the facts in this case (*see* Br. at

4-5, 10-12), such as that (1) defendants had no offices or employees in Delaware; (2) defendants'

employees all resided in the transferee forum; and (3) the absence of these employees would be

damaging to the defendants' business operations.  *L'Athene*, 570 F. Supp. 2d at 595.[2]

Priceplay's argument regarding financial resources is equally unavailing.  *See* Opp. at 10-

11.  Priceplay states "that compelling Priceplay to litigate in the Northern District of California

would be more onerous than requiring Moving Defendants to remain in Delaware," offering only

the unsupported assertion that this results from "[t]he financial resources disparity between the

parties."  *Id.*   This is not credible.  Relevant witnesses for **both** Moving Defendants' and

Priceplay, are located in California, along with evidence relating to development of the accused

products and conception and reduction to practice of the asserted patent.   *See* Br. at 3-5;

*Angiodynamics*, 2010 WL 3037478, at *3.   Thus, litigating in California—where Priceplay is

located—should be financially advantageous **to Priceplay**.  *Affymetrix, Inc. v. Synteni, Inc.*, 28 F.

---

[2]   The other case law that Priceplay cites for its argument predates *Link_A_Media* and is
inconsistent with the guidance provided by the Federal Circuit in that decision.  In *Praxair, Inc.
v. ATMI, Inc.*, the District Court relied on cases pre-dating *Link_A_Media* that refused transfer if
the plaintiff was a Delaware corporation, unless "the defendant is truly regional in character."
C.A. No. 03-1158-SLR, 2004 WL 883395 at *1-2 (D. Del. Apr. 20, 2004).  This holding is
inconsistent with the Federal Circuit's guidance to consider all factors relating to transfer and
recent Delaware case law that a plaintiff's choice of forum is not dispositive and is afforded less
deference if the plaintiff's contacts to Delaware are based on its state of incorporation.
*Link_A_Media*, 662 F.3d at 1224; *see, e.g.*, *Linex Techs.*, 2013 WL 105323, at *3 (D. Del. Jan. 7,
2013); *Audatex*, 2013 WL 3293611, at *3; *Signal Tech, LLC v. Analog Devices, Inc.*, C.A. No.
11-1073-RGA, 2012 WL 1134723, at *4.

Supp. 2d 192, 202-03 (D. Del. 1998) ("[T]he Court recognizes that transferring these two cases would minimize the level of disruption caused by trial or other legal proceedings since *all* of the parties are located in the Northern District [of California].").  Priceplay, which does not even provide ***any*** information regarding its financial condition, certainly makes no showing to the contrary.   In any event, the alleged financial condition of the parties cannot outweigh the undisputed fact that all identified witnesses and evidence are in California—not Delaware.  *See* Br. at 10-12; *Angiodynamics*, 2010 WL 3037478, at \*3 (finding that convenience of the parties weighed in favor of transfer where the defendant could financially litigate in Delaware, but the witnesses and evidence were located in the transferee forum).  As such, the convenience of the parties weighs in favor of transfer.

### 5.    The Convenience of the Witnesses Weighs in Favor of Transfer

The convenience of the witnesses relates to the location of the witnesses and their ability to be subject to compulsory process.  *Jumara*, 55 F.3d at 879 (weighing "the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"); Opp. at 10.   Priceplay's argument summarily dismisses Moving Defendants' analysis of this factor without addressing the actual evidence cited by Moving Defendants.  Br. at 10-12 (discussing court's trial subpoena power).

In addition to Moving Defendants' and Priceplay's employees—who are all located in California—Moving Defendants have identified third-party prior art witnesses and potential ex-employees that cause this factor to weigh in favor of transferring to the Northern District of California.   *Id.*   For example, Moving Defendants identified three references used in the reexamination of the parent patent of the asserted patents that are relevant to the asserted patents. Br. at 10-11.  These patents together name fourteen inventors who are ***all*** in the Northern District of California—not Delaware.   *Id.*   Moreover, many of the companies active in developing

internet advertising platforms at the time, such as Yahoo! Search Marketing, which acquired Overture Services, Inc., are located in the Northern District of California. *See id.* Contrary to Priceplay's allegation, Moving Defendants' identification of relevant third party witnesses and evidence is far from "speculation;" the USPTO has already determined that these sources of evidence are highly relevant to the validity and scope of the patentee's claimed invention *See* Opp. at 10. Such non-party witnesses would be subject to the trial subpoena power of the Northern District of California under Rule 45(c)(1)(B)(ii)—but not to that of the District of Delaware. Fed. R. Civ. P. 45(c)(1)(B)(i). Thus, the location of these non-party witnesses in California supports transfer. *Wacoh*, 845 F. Supp. 2d at 597 (considering the location of unidentified former employees).

Finally, Priceplay fails to identify *a single* witness that is in Delaware, as there simply are none. *See* Opp. at 10-11. "The fact that plaintiff has not identified a single material witness who resides in Delaware rather than California is telling and weighs in favor of transfer." *Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 333 (D. Del. 2009). As such, this factor weighs heavily in favor of transfer.

### 6. The Location of Evidence Weighs in Favor of Transfer.

It is also undisputed that all relevant documentary and electronic evidence is in California. Opp. at 9-10; Br. at 12. Priceplay contends that the location of books and records "should carry little weight" due to "technological advancements," (Opp. at 9-10), but this exact argument has been rejected by the Federal Circuit, which held that the location of books and records cannot simply be ignored as "outdated" or "irrelevant." *Link_A_Media*, 662 F.3d at 1224. Indeed, it would be legal error to afford the location of evidence "little weight, if any." *Id*. Furthermore, even if Moving Defendants could make their evidence available in Delaware, there is no dispute that it would be substantially more convenient to produce documents and make

evidence available for inspection in California. *Teleconference Sys.*, 676 F. Supp. 2d at 334 ("Although it is true that the moving parties have not demonstrated that the parties' relevant documents and evidence cannot be made available in Delaware, it is also a fact that it is substantially more convenient for the documents and evidence to be produced in the Northern District of California rather than the District of Delaware.").

      **B.**      **Priceplay Fails To Rebut Moving Defendants' Showing that the Public Interest Factors Weigh in Favor of Transfer**

            **1.**      **All Practical Considerations Favor Transfer to California.**

Priceplay leaves undisputed Moving Defendants' showing that a trial in the Northern District of California would be easier and less expensive for all parties due to the location of witnesses and evidence. Br. at 12-13. Rather, Priceplay's argument appears to be that transfer to California would result in duplicative parallel litigation in two courts because "AOL . . . has filed an Answer, reflecting its decision to defend in Delaware." Opp. at 9. However, while AOL did not join this transfer motion, it also has ***not*** "filed an Answer" as Priceplay claims. Opp. at 9. Rather, AOL has filed a ***motion to dismiss***. *Priceplay.com Inc. v. AOL Advertising Inc.*, C.A. No. 14-92-RGA (D. Del. July 28, 2014), D.I. 27. In any event, neither an answer nor a motion to dismiss forecloses a party from later moving to transfer the case.

Furthermore, Priceplay's argument ignores the numerous partial transfers ordered by this Court, which evidence the Court's agreement that moving litigation to the forum where the majority of the witnesses and parties are located is appropriate even if some related litigation remains in Delaware. For example, this Court recently transferred one defendant's case to the Northern District of Texas but transferred the other defendant's case on the same patent with the same plaintiff to the District of Oregon. *Semcon Tech*, 2013 WL 126421, at *8. This Court also recently transferred only four of eight cases filed by plaintiff Black Hills Media LLC involving

multiple overlapping patents.[3]  *See, e.g.*, *Black Hills Media LLC v. Pioneer Corp.*, C.A. No. 12-634-RGA (D. Del. Aug. 5, 2013), D.I. 21 (and related cases).  This factor favors transfer.

### 2.      Relative Court Congestion Weighs in Favor of Transfer.

Moving Defendants have introduced federal court management statistics indicating that the Northern District of California docket is less congested than the District of Delaware docket. Br. at 13.  Priceplay did not refute this evidence.  As such, this factor weighs in favor of transfer.

### 3.      The Local Interest and Public Policy Factors Are Irrelevant.

Priceplay attempts to categorize this case as one that implicates Delaware and local interest and public policy, claiming that these factors are given "heightened, even if not maximum, weight."  Opp. at 6-7.  But both Priceplay and Moving Defendants have California—not Delaware—as their home fora.  Br. at 8; *supra* Section A.1.  As a result, Delaware has no local interest in deciding this case, and public policy favoring adjudicating disputes in Delaware holds no weight.  *Signal Tech, LLC v. Analog Devices, Inc.*, C.A. No. 11-1073-RGA, 2012 WL 1134723, at *4 (D. Del. Apr. 3, 2012); *Wacoh*, 845 F. Supp. 2d at 604 (holding that the public policy factor has no weight where defendant Delaware corporations did not want to claim the benefits of being Delaware corporations).  As such, these factors are neutral and not relevant.[4]

In sum, Priceplay has failed to rebut the Moving Defendants' showing that transfer is appropriate here.  The Moving Defendants' motion to transfer should be granted.

---

[3]   The Court's transfer of the various individual cases to more convenient fora is also consistent with the current statutory framework that prohibits joinder of multiple, unrelated defendants in a single action.  35 U.S.C. § 299, H.R. REP. 113-279, 18.  A primary purpose of the joinder provision of the America Invents Act is to prevent plaintiff's from "anchoring" litigation in its chosen venue by suing multiple defendants' whose businesses and salient evidence maybe spread throughout the country.  *Id.*

[4]   Priceplay and Moving Defendants agree that the factors regarding enforceability of the judgment and the familiarity of the trial judge with the applicable state law in diversity cases are neutral and not applicable.  Br. at 13-14; Opp. at 11.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

James C. Yoon
WILSON SONSINI GOODRICH
& ROSATI
650 Page Mill Road
Palo Alto, CA  94304
Tel:  (650) 493-9300

By:   */s/ Richard L. Horwitz*
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Bindu A. Palapura (#5370)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com
        bpalapura@potteraderson.com

Stefani E. Shanberg
Robin L. Brewer
WILSON SONSINI GOODRICH
& ROSATI
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
Tel:  (415) 947-2000

*Attorneys for Defendants LinkedIn
Corporation and Google Inc.*

David A. Perlson
Antonio R. Sistos
Michelle A. Clark
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California St., 22nd Flr.
San Francisco, CA  94111
Tel:  (415)875-6600

    Robert B. Wilson
    QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
    51 Madison Ave., 22nd Flr.
    New York, NY  10010
    Tel:  (212) 849-7000

    BLANK ROME LLP

By:   */s/ Steven L. Caponi*
        Steven L. Caponi, Esquire (# 3484)
        1201 North Market Street, Suite 800
        Wilmington, DE  10901
        (302) 425-6408
        caponi@blankrome.com

*Attorneys for Defendant, Facebook, Inc.*

Dated:   August 28, 2014
1164177/ 41569/ 41433

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**<u>CERTIFICATE OF SERVICE</u>**

I, Richard L. Horwitz, hereby certify that on August 28, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 28, 2014, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
Vanessa R. Tiradentes
Sara E. Bussiere
BAYARD, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

Scott M. Daniels
Darrin A. Auito
Westerman Hattori Daniels & Adrian
1250 Connecticut Avenue, NW
Suite 700
Washington, D.C. 20036
sdaniels@whda.com
dauito@whda.com

By:  */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1150831/41433